UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **RUSSELL J. ALLEN** | **CIVIL ACTION NO. 6:14-cv-2773** |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **CITY OF JEANERETTE, ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Russell J. Allen, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 18, 2014. Plaintiff claims that he was falsely arrested and imprisoned, subjected to excessive force, and then denied medical care by officers of the Jeanerette Police Department on September 18, 21, and 23, 2013. He sued the City of Jeanerette, its mayor, chief of police, the police officers involved in his arrest and imprisonment, and other individuals who he claims acted in concert with the state actors named as defendants.

Plaintiff was directed to amend his original complaint to provide a more definite statement of his claim and to provide the results of the criminal prosecution related to the arrest. [Doc. 5] He did so on February 19, 2015; according to plaintiff, the charges were dismissed. [Doc. 6]  On June 10, 2015 the Court attempted to notify plaintiff that he "... must serve his complaint and proceed with his case  in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Louisiana." The Notice concluded, "**THE TIME LIMIT ESTABLISHED BY FRCP RULE 4(m) SHALL COMMENCE AS OF THIS DATE**." [Doc. 7] The notice was mailed to plaintiff at the address he provided when he filed his

complaint; the Notice wsa returned to the Court as undeliverable and marked "Returned to Sender." [Doc. 8]

## Law and Analysis

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Local Rule 41.3 of this District provides in part, "The failure of [a] ... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

Plaintiff provided a residential address when he filed his complaint. The Court's Notice of June 15, 2015 was mailed to plaintiff at that address and returned as undeliverable on June 15, 2015. More than 30 days have elapsed since that date and he has not provided his current whereabouts in violation of Local Rule 41.3. Dismissal of the complaint is warranted.[1]

Therefore,

---

[1] Local Rule 41.3 also provides, "Dismissal under this rule shall be without prejudice ... The Order of Dismissal shall allow for reinstatement of the civil action within 30 days for good cause shown."

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b) and for failing to keep the Court apprised of his address as required by Local Rule 41.3 of this Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana, September 25, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 9/25/2015
BY: EFA
TO: RFD

cg