UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**RUSSELL J. ALLEN**                              **CIVIL ACTION NO. 6:14-cv-2773**

**VS.**                                                        **SECTION P**

                                                                  **JUDGE REBECCA F. DOHERTY**

**CITY OF JEANERETTE, ET AL.**          **MAGISTRATE JUDGE PATRICK J. HANNA**

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Pro se plaintiff Russell J. Allen filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 18, 2014. Plaintiff claims that he was falsely arrested and imprisoned, subjected to excessive force, and then denied medical care by officers of the Jeanerette, Louisiana Police Department on September 18 and 21, and 23, 2013. He sued the City of Jeanerette, its mayor, chief of police, the police officers involved in his arrest and imprisonment, and other individuals who he claims acted in concert with the state actors named as defendants.

*Statement of the Case*

Plaintiff was not a prisoner when he filed his complaint, nor does it appear that he was imprisoned or detained at any time during the pendency of this matter. When he filed the complaint in September 2014 he provided a residential address in Jeanerette, namely 2002 Patricia Ann Lane. [Doc. 1] He used that address in his application to proceed *in forma pauperis.* [Doc. 2]

On January 20, 2015 an initial review of the complaint was completed and plaintiff was directed to amend his complaint to provide factual support for his conclusory allegations; with

respect to his false arrest and imprisonment charges, he was directed to state the outcome of the complained of criminal charges. [Doc. 5] The order was mailed to plaintiff's residence in Jeanerette and on February 19, 2015 he responded to the order by filing an amended complaint; he provided as his address the residence located on Patricia Ann Lane. [Doc. 6]

On June 10, 2015 the undersigned issued a Notice to plaintiff advising him to effect service of process in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Louisiana. Plaintiff was further advised that the time limits established by FRCP Rule 4(m) would commence on June 10, 2015. [Doc. 7] That notice was mailed by the Clerk to plaintiff at his residence on Patricia Ann Lane. On June 15, 2015 the order was returned as undeliverable by the United States Postal Service. [Doc. 8]

More than three months elapsed from that date and plaintiff failed to contact the Court or to provide a current mailing address or to inquire about the progress of his law suit. On September 25, 2015 the undersigned recommended dismissal of the complaint pursuant to FRCP Rule 41(b) based on plaintiff's failure to prosecute his civil action. [Doc. 9] Again, the Report was mailed to plaintiff at the address he supplied. On October 2, 2015 the Report was returned to sender by the United States Postal Service which noted a forwarding address in New Orleans, Louisiana. [Doc. 10] On that same date a copy of the Report and Recommendation was mailed to plaintiff at the New Orleans address supplied by the U.S. Postal Service. Among other things, the Report stated, "On June 10, 2015 the Court attempted to notify plaintiff that he '... must serve his complaint and proceed with his case in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Louisiana.' The Notice concluded, '**THE TIME LIMIT ESTABLISHED BY FRCP RULE 4(m) SHALL COMMENCE AS OF THIS**

**DATE**.'" [*Id.*]

Plaintiff must have received the Report and Recommendation because on October 19, 2015 he formally advised the Clerk of his New Orleans address. [Doc. 11] Nevertheless, he did not object to the Report recommending dismissal pursuant to Rule 41(b); nor did he offer cause to explain his failure to keep the Court apprised of his address. Accordingly, on November 3, 2015 the Court, noting plaintiff's lack of objection, entered an order of dismissal and advising plaintiff of his right to request reinstatement upon a showing of good cause within 30 days. [Doc. 12]

On November 25, 2015 plaintiff submitted a 68 page document entitled "Request for Reinstatement of Civil Action Amending his Complaint to Recover Damages for Deprivation of Civil Rights and Personal Injury" along with various exhibits. The document itself reiterated plaintiff's claims against the various defendants, added allegations concerning the Racketeer Influenced and Corrupt Organizations Act (RICO), but otherwise failed to show cause warranting reinstatement of plaintiff's civil action other than the cryptic and conclusory allegation, "Russell J. Allen is an individual residing in the City of Jeanerette but due to an ongoing systemic pattern and practice of retaliatory harassment, He now may be served with process at 4240 Maple Leaf Drive, Apt.-F, New Orleans, Louisiana 70131." Further, plaintiff did not address the service deadlines of Rule 4(m) and did not request an extension of time within which to effect service of process on the 14 individuals and the City of Jeanerette. [Doc. 13, p. 7]

### *Law and Analysis*

As noted in the prior Report, Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court

3

order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Local Rule 41.3 of this District provides in part, "The failure of [a] ... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

    Plaintiff provided a residential address when he filed his complaint. The Court's Notice of June 15, 2015 was mailed to plaintiff at that address and returned as undeliverable on June 15, 2015. More than 30 days elapsed before he provided his current whereabouts, a clear violation of Local Rule 41.3. A Judgment of Dismissal has been entered and plaintiff has been afforded the opportunity to show cause why his civil action should be reinstated. Instead of showing cause for his default he filed an Amended Complaint and Exhibits.

    Further, FRCP Rule 4(m) provided (at the time this complaint was filed), "If a defendant is not served within 120 days after the complaint is filed the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period..."

    Plaintiff filed his complaint in September 2014. Under normal circumstances he would have had until sometime in January 2015 to serve all of his defendants. However, since plaintiff

was ordered to amend the complaint, the Court extended the 120 day start date for effecting service until June 10, 2015. Thus, plaintiff had until October 10, 2015 to serve all of his defendants. Plaintiff did not receive this notice because he failed to update his address; however, he did receive the Report recommending dismissal pursuant to Rule 41(b) sometime in October 2015, and reference to the provisions of Rule 4(m) were contained within that Report. Nevertheless, plaintiff did not show cause for his default nor did he request additional time within which to comply with Rule 4(m). Accordingly, judgment was rendered on November 3, 2015 and plaintiff was again afforded the opportunity to show cause for his delay. Instead of showing cause, requesting an extension, or commencing the process necessary to effect service on each defendant, he simply filed another complaint reiterating his claims against all of the defendants. Plaintiff has not shown good cause for his violations of Rule 4(m), Rule 41(b) or Local Rule 41.3.

Therefore,

**IT IS AGAIN RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b) and for failing to timely serve the defendants in accordance with the provisions of FRCP Rule 4(m).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana, December 21, 2015.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   12/21/2015
BY:          EFA
TO:          RFD
              cg